THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FÉLIX FLORES CORIS, Defendant and Appellant.

No. CR-70-64.     Decided April 30, 1971.

*José M. Tejada* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Eugenio Pérez Matos, Assistant Solicitor General,* for The People.

PER CURIAM: After legally waiving a trial by jury, appellant was tried, found guilty, and sentenced for three violations of the Narcotics Act (24 L.P.R.A. § 974z) consisting in that on March 10, 1968 and in Santurce, P.R., (1) he had in his possession and control, (2) concealed and transported, and (3) sold the narcotic drug known as heroin.

In this appeal he assigns that the trial court committed error, (1) in rejecting the defense of entrapment, (2) in having found him guilty with insufficient evidence, and (3) in admitting in evidence the 25 decks of heroin.

The three assignments are frivolous. Let us see the facts as reported by agent José Mojica whom the trial court believed.

"A—Then that day I met, at stop 23, an individual known as 'Menor' who is connected with the drug pushers and drug-addicts, and Menor and I had been acquainted before, and he told me that he was going to introduce me to a friend who sold that stuff, that is, who sold drugs at stop 20, I went to stop 20 with Menor and Félix Torres Coris, known as 'Billetón', was there, Menor called him and introduced him to me." (Tr. Ev. 5.)

. . . . . . . .

"No, he thought I was a pusher, that I went to get drugs in order to sell them in the towns of the island. I had met him before, precisely, with another individual who took me to that place I met him there at stop 23 as an addict, he was in charge, then, when a pusher came to cop or buy he found the pushers who sold drugs to him, in that event that is what he did with me, sometimes I met him and he told me: 'in such place there is good stuff I am going to take you there so that you give me the cut, so that you let me earn something,' that day March 10, when there was nothing at stop 23 he told me that he was going to take me to a buddy at stop 20 who had good stuff." (Tr. Ev. 19.)

■ This agent's testimony, plus the incriminating testimonies of agent César Delgado González and of chemist Ramón Chinea and the objective evidence admitted, establish appellant's guilt beyond a reasonable doubt. Appellant invokes the case of *People* v. *Ayala Ruiz*, 93 P.R.R. 686 (1966), but we are not dealing here, as in that case, with a slim and bare testimony. On the contrary, on cross-examination he made a detailed description of the place where the transaction was performed, and he answered firmly, and particularized other details and circumstances asked by the defense. As it appears

from pages 28 and 86 *et seq.* of the transcript of evidence, defendant himself on the witness stand corroborated part of the agent's testimony.

■ The 25 decks of heroin were correctly admitted in evidence. Agents Mojica and Delgado as well as chemist Chinea duly identified the said heroin decks during the trial. The evidence was identified the day it was seized by the agents, with their initials, and it was uninterruptedly kept in their possession until several hours later when it was given to the chemist, who in turn, identified it with his name and other details. The time elapsed between the seizure of the evidence and its delivery to the chemist, without more, does not render the evidence inadmissible. *People* v. *Vázquez López*, 98 P.R.R. 14 (1969); *People* v. *Vázquez Rosado*, judgment of December 21, 1970.

■ The defense of entrapment could not prosper. In the first place appellant denied that he had committed the facts charged against him, he even denied having been on March 10, 1968, in the sector where, according to agent Mojica, appellant sold them the heroin. *People* v. *Pérez*, 72 P.R.R. 809 (1951). In the second place we are not dealing here, as the evidence shows, with a person who would not have committed the offense, if he had not been prompted by the police. The facts show that actually appellant was a drug pusher and that in this case he performed the sale through a drug-addict who was engaged in taking clients to the pushers, for money or drugs, *People* v. *Verdejo Meléndez*, 88 P.R.R. 202 (1963).

The judgments appealed from will be affirmed.